## SUPERIOR COURT

Amos Bennett
vs. } No. 55732
Tedo Palagi

Ora Bennett, p. a.
vs. } No. 55733
Tedo Palagi

RESCRIPT

June 11, 1925

CAPOTOSTO, J. The plaintiffs, father and daughter, brought suit against the defendant for damages sustained by reason of the negligent operation of a Ford sedan driven by the defendant on the Boston road between Pawtucket and North Attleboro on August 10, 1922.

At the place of the accident, the travelled road runs practically north and south, North Attleboro being to the north and Pawtucket to the south. On each side of the macadam road is a grass strip generally used by pedestrians as a sidewalk. Beyond the grass portion, on the easterly side, is a stone wall with a bar-way leading into a hayfield.

In the afternoon of the day in question, one David B. MacIntyre was leading a horse, drawing a load of hay, through this bar-way onto the main road, intending to go south towards Pawtucket along the westerly portion of the travelled way. The plaintiff, Ora Bennett, then a little child, about eight years of age, was following the hay cart. The testimony of the plaintiff, without quoting it in detail, shows that the child was struck by the defendant's automobile, which was going north towards Attleboro, while the little girl was either upon or very close to the grass portion of the highway next adjoining the macadam on the east.

The defense contended that the child, coming from some portion of the western part of the road, had walked or run into the left rear of the defendant's car.

The position of the child's body and the location of the automobile immediately after the accident, as testified to on behalf of the plaintiff by apparently fair, and at least one absolutely disinterested witness, lead to the conclusion, when all the facts are taken into consideration, that the defendant, not anticipating that some one might be following the hay cart, took the chance of passing around the rear of the cart before it had fully established its position on the travelled road.

I am of the opinion that on the question of liability the jury's verdict in each case is proper.

The jury fixed the damages in the case of Amos Bennett at $100, and in the case of Ora Bennett at $1500. The defendant claims that the damages of $1500 are excessive.

As a result of the accident, Ora's left leg was broken. No medical testimony was offered by either side and no claim of great suffering, exceptional treatment other than putting the leg in splints, or permanent injury, is made on behalf of the plaintiff. The child suffered no ill effects other than the pain and necessary confinement incident to a broken leg. While decisions in other cases of a similar nature are not controlling as to the amount which the plaintiff is entitled to receive, yet such decisions tend to show what other courts have considered reasonable compensation for such an injury.

Sedgwick on Damages, 9th ed. Sec. 1333; Sec. 1348, foot note 155.

I believe that the damages in the sum of $1500 awarded Ora Bennett are excessive, and that $1000 is a fairly liberal allowance to the plaintiff for the injury sustained.

In the case of Amos Bennett v. Tedo Palagi, the defendant's motion for a new trial is denied.

In the case of Ora Bennett vs. Tedo Palagi, the defendant's motion for a new trial is granted as to both liability and damages unless the plaintiff, in writing, remits within three days from the filing of this rescript all of said verdict in excess of one thousand dollars.

For Plaintiff: Thomas L. Carty.

For Defendant: Thomas F. Vance.

## SUPERIOR COURT